Dye, J. (dissenting).
I dissent and vote to reverse and to reinstate the Authority’s order of suspension upon the ground that section 119 of the Alcoholic Beverage Control Law and rule 2 of the Buies of the State Liquor Authority may not be read as requiring the State Liquor Authority to disclose the contents of an internal report to an administrative litigant. Under the scheme of the statute, the State Liquor Authority in the first instance has power to initiate proceedings upon a proper complaint to revoke, cancel or suspend a license. As such, it is a deciding and not a reviewing body and nothing in the statute suggests that the Legislature intended otherwise. That statutory status may not and should not be altered by judicial fiat. Only the Legislature may rightfully accomplish such a sweeping change in a statute that has been seasoned in its present form since its amendment in 1938.
Furthermore, we must not overlook the undisputed fact that a minor actually under the age of 18 years was served an alcoholic beverage in a licensed place. Whether the licensee knew that such a minor was being served an alcoholic beverage, or that it was handed to her at the time of purchase by her escort, or by an employee of the licensee, affords no defense. The ultimate controlling fact is that the condition of the license was violated (Alcoholic Beverage Control Law, § 65). Under such circumstances, the Authority was justified in suspending the petitioner’s license.
The order appealed from should be reversed, with costs.
Chief Judge Desmond and Judges Froessel, Van Voorhis, Burke and Foster concur with Judge Fuld; Judge Dye dissents in a separate opinion.
Order affirmed.